UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORA BERRY,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:17-cv-002

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation

omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 45 years of age on her alleged disability onset date. (PageID.287). She successfully completed high school and worked previously as a corrections officer, nurse aide, machine operator, and security guard. (PageID.87). Plaintiff applied for benefits on November 5, 2013, alleging that she had been disabled since October 2, 2011, due to fibromyalgia, migraines, back pain, neck pain, a "possible" aneurysm, herniated discs, spinal blood clots, carpel tunnel syndrome, arthritis, thyroid condition, diabetes, anemia, vitamin deficiencies, hernia, memory loss, depression, and anxiety. (PageID.287-99, 340). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.145-267).

On November 18, 2015, Plaintiff appeared before ALJ JoErin O'Leary with testimony being offered by Plaintiff and a vocational expert. (PageID.99-143). In a written decision dated December 22, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.72-89). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.26-31). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) fibromyalgia; (2) degenerative disc disease; (3) migraines; (4) osteoarthritis of the left shoulder; (5) bilateral carpal tunnel syndrome; (6) hypoglycemia; (7) obesity; (8) anxiety disorder; (9) affective disorder; and (10) personality disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.75-78).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) she can frequently perform fingering activities; (2) she can occasionally balance, stoop, crouch, and climb ramps/stairs; (3) she can never kneel, crawl, or climb ladders, ropes, or scaffolds; (4) she can never work around unprotected heights or dangerous moving mechanical parts; (5) she cannot operate a motor vehicle commercially; (6) she is limited to simple, routine, and repetitive tasks not at a production rate pace; (7) she is limited to simple work-related decisions and few changes in a routine work setting; and (8) she can occasionally interact with supervisors and co-workers, but can never work around the general public. (PageID.78).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her

5

limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 97,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.139-41). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.        **The ALJ Properly Evaluated the Opinion Evidence**

On February 3, 2015, Dr. Neil Goodman signed a form report regarding Plaintiff's ability to function. (PageID.835-39). The ALJ accorded "little weight" to the opinions expressed in this form, however, on the ground that such was inconsistent with the medical

evidence. (PageID.85). Plaintiff argues that she is entitled to relief because the ALJ's decision to discount the opinion of her treating physician is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to

any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

First, it appears that Dr. Goodman did not complete the form in question based on his own professional observations and conclusions, but instead completed the form based upon Plaintiff's subjective complaints. On the day he completed the form in question, Dr. Goodman reported that he would complete the form "with [Plaintiff's] assistance" because it "involve[s] much subjective symptomatology." (PageID.959). Even assuming, however, that the form

8

reflects Dr. Goodman's own opinions, the result is the same. According to the form, during a normal workday, Plaintiff can sit for only "about 2 hours," can stand/walk for "less than 2 hours," and would also need to take "more than 10" unscheduled breaks each lasting 30 minutes. (PageID.838). The form also indicates that Plaintiff "must" use a cane or other assistive device for balance. (PageID.838).

As the ALJ observed, however, this opinion is inconsistent with the medical record. A June 2, 2013 CT scan of Plaintiff's head was "negative." (PageID.727). A June 5, 2013 MRI of Plaintiff's left shoulder revealed "mild" arthritis. (PageID.726). The results of a June 21, 2013 MRA of Plaintiff's head were unremarkable. (PageID.725). The results of physical examinations were unremarkable. (PageID.718-22, 763-67, 781-84). X-rays of Plaintiff's lumbar and thoracic spine, taken on November 14, 2014, revealed degenerative changes. (PageID.831-32). X-rays of Plaintiff's cervical spine and left hip, taken the same day, were "negative." (PageID.833-34). Dr. Goodman's own treatment notes, which span the period February to October 2015, are inconsistent with the opinion in question. (PageID.896-961). In sum, the ALJ's decision to discount the opinion in question is supported by substantial evidence.

## II. The ALJ's RFC Assessment is Supported by Substantial Evidence

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined

9

as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that she is entitled to relief on the ground that the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ's RFC does not sufficiently account for her non-exertional limitations.

As noted above, the ALJ's RFC assessment includes substantial non-exertional limitations. Specifically, the ALJ determined that Plaintiff was limited to: (1) simple, routine, and repetitive tasks; (2) not working at a production rate pace; (3) making only simple work-related decisions; (4) enduring few changes in a routine work setting; and (5) only occasionally interacting with supervisors and co-workers, but never working around the general public.

The results of psychological examinations were consistently unremarkable and revealed nothing which is inconsistent with the ALJ's RFC determination. (PageID.571-76, 712-16, 811-15, 818-24). Moreover, one examiner expressly noted that Plaintiff was "attempting to significantly exaggerate her symptoms." (PageID.575). Counseling treatment notes, dated from February 2015 through October 2015, likewise are not inconsistent with the ALJ's RFC assessment. (PageID.841-52). Accordingly, this argument is rejected.

### III. The ALJ Properly Considered Third-Party Statements

On May 21, 2012, Plaintiff's daughter, Cherie Lollis, completed a form report regarding Plaintiff's activities. (PageID349-56). According to Lollis, Plaintiff is "unable to work" and is often "bed ridden" and "unable to care for herself." (PageID.349-50). Lollis reported that Plaintiff only "rarely" prepares meals and is capable of performing other daily activities sporadically and for only very brief periods of time. (PageID.349-56). The ALJ

afforded "little weight" to Lollis' opinion on the ground that such was not supported by the medical evidence. (PageID.86). As discussed above, this conclusion is supported by substantial evidence.

IV.        **Plaintiff is not Entitled to a Sentence Six Remand**

Finally, the Court notes that in support of her claim in this Court, Plaintiff is relying on evidence that was not presented to the ALJ and which post-dates the ALJ's decision. (PageID.33-68). This Court is precluded from considering this evidence. *See Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007).

If Plaintiff can demonstrate, however, that the evidence in question is new and material, and that good cause existed for not presenting it to the ALJ, the Court can remand the case for further proceedings during which this new evidence can be considered. *See, e.g., Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff has not requested that the Court remand this matter for consideration of this evidence. Plaintiff has, therefore, waived any such argument. *See, e.g., Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waves any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting,*

*Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived); *Financial Resources Network, Inc. v. Brown & Brown, Inc.*, 2010 WL 4806902 at *30 n.29 (D. Mass., Nov. 18, 2010) (same).

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Dated: December 28, 2017                        /s/ Ellen S. Carmody
                                                                     ELLEN S. CARMODY
                                                                     U.S. Magistrate Judge